**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mahfouz Ullah Mirzakhil,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-03491-PHX-AMM (JFM)

**ORDER**

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention. (Doc. 1) By Order dated May 21, 2026, the Court ordered Respondents to show cause for why the Petition should not be granted. (Doc. 6.) Respondents have now responded. (Doc. 13.)[1] For the reasons that follow, the Court will grant the Petition and order that Petitioner be immediately released from custody.

## I. Background

Petitioner is a native of Afghanistan who entered the United States on August 29, 2021 as a refugee. (Doc. 13-1 at 1.) In March 2023, Petitioner was convicted in Virginia of misdemeanor sexual battery. (*Id.* at 2.) On February 7, 2025, after apparently mistakenly briefly leaving the United States via the Peace Bridge in Buffalo, New York, Petitioner

[1] Petitioner has also filed, through counsel with the Federal Public Defender's Office, a Motion to Appoint (Doc. 3), Motion to Seal (Doc. 4), Motion for Limited Discovery (Doc. 11), and Motion for Extension (Doc. 17). Because the Court will grant the Petition, the Court will deny the motions as moot. The Court will further deny the Motion to Seal—which seeks to seal a lodged financial affidavit—because Petitioner has already paid the filing fee for this action and the affidavit is thus unnecessary. The Court will direct that the affidavit be stricken.

was detained by immigration authorities as inadmissible due to his misdemeanor conviction. (*Id.*) On November 18, 2025, an immigration judge ("IJ") ordered Petitioner removed from the United States to Afghanistan; that order became final on December 18, 2025 when it was not appealed. (*Id.* at 4.) On January 13, 2026, local ICE officers "submitted [Petitioner's] travel document request to the ICE Removal and International Operations [ICE-RIO] Unit." (*Id.*) On April 22, 2026, ICE-RIO advised that "the transportation letter is still pending." (*Id.*) As of the date of this Order, Petitioner remains detained by ICE.

## II. Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention"). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. *Id.* at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## III. Discussion

As an initial matter, the Court finds that Respondents have not discharged their obligations under the Court's May 21, 2026 Order to Show Cause (OSC) or 28 U.S.C. § 2243. Title 28, section 2243 provides that when a court directs a respondent to show cause for why a writ pursuant to § 2241 should not be granted, the respondent "shall make a return certifying the true cause of the detention." 28 U.S.C. § 2243. Echoing this statutory directive, the Court's May 21, 2026 OSC directed that "[a]ny response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury." (Doc. 6 at 1.)

In their Response, the only evidence Respondents provide is a Declaration from ICE Deportation Officer ("DO") Terrell Peck. (Doc. 13-1.) However, DO Peck does not appear to have personal knowledge as to any of the facts asserted in his Declaration. Rather, DO Peck states only that the facts provided in the Declaration "were obtained by [his] review of the file." (*Id.* at 1.) DO Peck further attests that the Declaration is only "a true and correct *summary* of the information *available* regarding the facts in the petition." (*Id.*) DO Peck's Declaration is thus doubly flawed in that it attempts to summarize information—or, at most, whatever information was "available" to the him—for which he does not have personal knowledge. Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). At best, DO Peck has personal knowledge as to the contents of whatever "file" he reviewed, but is not qualified to attest that the events described therein actually occurred or are accurately reflected, much less so that his "summary" of them accurately reflects the totality of facts related to each of Petitioner's immigration proceedings. Respondents do not attach "the file" or any other documents to the Declaration, and the Declaration thus contains hearsay without an exception, violates the best evidence rule, and does not rely on authenticated evidence. *See* Fed. R. Evid. 802; Fed. R. Evid. 1002; Fed. R. Evid. 602; Fed. R. Evid. 901. Respondents have, therefore, produced no reliable or admissible evidence to

contest the Petition.

For decades, courts have required that at least some competent evidence must be provided in a response to satisfy § 2243. *See e.g.*, *Garcia v. Boldin*, 691 F.2d 1172, 1178-79 (5th Cir. 1982) (finding that response providing "a certified record of the administrative hearings which showed the true cause of detention and which substantially answered the factual allegations of the petition" to "substantially compl[y] with 28 U.S.C. § 2243"); *Marslin v. Schmucker*, 82 F.2d 765, 767 (4th Cir. 1937) (finding that response providing "a full and complete transcript of the entire record upon which the warrant of deportation was issued" to satisfy former 28 U.S.C. §§ 456, 457, and 458, now combined as 28 U.S.C. § 2243). A declaration providing only a summary of available facts allegedly contained in an undescribed file presented by a declarant lacking personal knowledge cannot be said to be sufficient to satisfy the requirements of § 2243, and is facially noncompliant with the Court's May 21, 2026 Order to Show Cause. Such a response is deficient as a matter of law, and the Petition can thus be granted on this basis alone. 28 U.S.C. §§ 2241(c)(1), 2243.

Moreover, even if the Court were to accept Respondents' evidence, Petitioner would still be entitled to relief on the merits of his Petition. Here, Petitioner's removal order became final on December 18, 2025, and he has thus now been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*. As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if Petitioner does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner argues that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future because Afghanistan "will not issue identity and travel documents necessary for [his] deportation." (Doc. 1 at 5.) The Court finds that this is sufficient to establish that there is "good reason" to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The burden thus shifts to Respondents to respond with evidence sufficient to rebut this showing.

Respondents have not carried their evidentiary burden. As discussed, *supra*,

Respondents have produced no reliable or admissible evidence to contest the Petition. Not withstanding that deficiency, DO Peck's Declaration provides no insight into any efforts to effectuate Petitioner's removal, stating only that—more than six months ago—ICE officers "submitted [Petitioner's] travel document request to the [ICE-RIO] Unit," and that it is "still pending." (Doc. 13-1 at 4.) No evidence of any further action since that time has been provided. On this record, there is no evidence to support that there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

The Supreme Court held in *Zadvydas* that as the period of detention grows, "what counts as the 'reasonably foreseeable future' would have to shrink." 533 U.S. at 701. As noted, Petitioner has now been detained beyond the presumptively reasonable period identified in *Zadvydas*, and having provided "good reason" to support that his removal is not significantly likely to occur in the reasonably foreseeable future, the burden shifts to Respondents to rebut that showing with sufficient evidence. *Id*. Respondents failed to do so. Accordingly, the Court finds that Petitioner's continued detention is in violation of the Fifth Amendment and will grant the Petition.

**IT IS THEREFORE ORDERED** that:

(1) The Petition for Habeas Corpus is **GRANTED**. (Doc. 1.)

(2) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3) Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(4) Petitioner's Motion to Appoint (Doc. 3), Motion for Limited Discovery (Doc. 11), and Motion for Extension (Doc. 17) are **DENIED AS MOOT**.

(5) Petitioner's Motion to Seal (Doc. 4) is **DENIED**. The Clerk of Court is directed to **STRIKE** the proposed financial affidavit currently lodged at Doc. 5.

///

///

///

///

(6) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 30th day of June, 2026.

Honorable Angela M. Martinez
United States District Judge